By the Court.
The defendant, Stanton E. Stewart, was indicted for incest, the indictment charging him with having committed adultery with one Etta Drake, “ the said Stanton E. Stewart, and the said Etta Drake being then and there nearer, of kin by affinity, than cousins, to wit, the said Etta Drake being-then and there the sister by affinity, said relation being commonly known as sister-in-law, of the said Stanton E. Stewart,” and the only question presented is, whether the indictment contains a sufficient statement of the relationship between the defendant and Etta Drake. It is claimed that the indictment is in this respect bad : 1st, because it does not state how the relationship was created, and that it still subsists, and 2d, because no relatives by affinity are nearer of kin than cousins by consanguinity, there being no mode .of comparison between relatives by affinity and relatives by consanguinity.
The first objection to the indictment is disposed of by the decision in the case of Noble v. The State, 22 Ohio St. 541.
*153 The second objection cannot be sustained. The statute prescribes the punishment of persons having sexual intercourse, who are “ nearer of kin by consanguinity, or affinity than cousins, having knowledge of their relationship,” and we are of opinion that under this statute the degrees of relationship •by affinity are to be determined in the same manner as degrees of relationship by consanguinity, and that a brother-in-law and a sister-in-law are, within the meaning of this statute, nearer of kin than cousins.
Any other construction of the statute weuld exclude from its operation all relatives by affinity.

Motion overruled.